UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KIMMY VIVIEN PANGANIBAN,
                                  Plaintiff,     :

                                                        :       **COMPLAINT**

                  -vs-

                                                        :       Plaintiff Demands a Jury

MEDEX DIAGNOSTIC AND TREATMENT
CENTER, LLC and OLEG ARANOV,          :

                              Defendants.    :
------------------------------------------------------------------X

       Plaintiff KIMMY VIVIEN PANGANIBAN, by her undersigned attorney, as and for her Complaint against the defendants, alleges as follows:

       1.     This is an action for damages for: (a) unlawful race and national origin discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*; (b) failure to pay overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* and the New York State Labor Law, N.Y. Lab. Law §§ 650, *et seq.*; and (c) related claims for assault, battery, and intentional infliction of emotional distress.

### Jurisdiction and Venue

       2.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 2000e-5(f)(3) (Title VII), and 29 U.S.C. § 216(b) (FLSA). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as the federal claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to plaintiffs' claims occurred in this District.

### The Parties

4. Plaintiff KIMMY VIVIEN PANGANIBAN ("Panganiban") is a former employee of the defendants. Ms. Panganiban is a Philippine national and a permanent resident of the United States.

5. Defendant MEDEX DIAGNOSTIC AND TREATMENT CENTER, LLC ("Medex") is a limited liability company organized under the laws of the State of New York with a principal place of business at 111-29 Queens Boulevard, Forest Hills, New York 11375. Defendant Medex is an employer within the meaning of 42 U.S.C. § 2000e(b), N.Y. Executive Law § 292, and N.Y.C. Administrative Code § 292.

6. Defendant OLEG ARANOV ("Aranov") is the Managing Partner of defendant Medex and, upon information and belief, owns and/or controls the company. At all times relevant to this Complaint, Mr. Aranov was authorized by Medex to exercise, and in fact exercised, supervisory authority over plaintiff.

### Statement of Claims

7. Defendant Medex hired plaintiff as a Physical Therapy Aide (PTA) on or about April 15, 2012. Plaintiff continued working as a PTA until January 17, 2013.

8. Plaintiff was paid $12.00 per hour as a PTA. Similarly situated White employees of Russian and European descent were paid more than plaintiff was paid.

9. Between April 15, 2012 and January 17, 2013, plaintiff regularly worked more than 40 hours per week. During weeks with Jewish holidays, she worked more than

80 hours. Plaintiff was not paid at the required overtime rate when she worked more than 40 hours in a week.

10. Between April 15, 2012 and January 17, 2013, plaintiff did not receive any company health insurance or other benefits. Similarly situated White employees of Russian and European descent received company health insurance and other benefits.

11. On or about January 18, 2013, Medex assigned plaintiff to work as a Receptionist and Patient Care Coordinator. Plaintiff's responsibilities as a Receptionist and Patient Care Coordinator included scheduling patient appointments, providing administrative and clinical support, monitoring the delivery of care to patients, documenting patient care, identifying and documenting patient care progress, reviewing patient care plans with patients and providers, coordinating and scheduling tests, procedures and consultations, maintaining and entering data into the patient care database, resolving billing issues, and handling patient complaints, payments and insurance verification.

12. Similarly situated White employees of Russian and European descent were paid more than plaintiff was paid as a Receptionist and Patient Care Coordinator.

13. Plaintiff's job performance was at all times satisfactory.

14. Defendants did not give plaintiff any written reviews, warnings, complaints, evaluations, or comments on her job performance.

15. Despite her satisfactory job performance, defendants harassed plaintiff, treated her with disrespect, and kept her in a state of fear.

16. On May 7, 2014, at approximately 5:40 p.m., defendant Aronov approached plaintiff and ordered her to come with him into a patient treatment room.

Once inside the patient treatment room, defendant Aranov closed the door, grabbed plaintiff by the shoulders, and began screaming at plaintiff.

17. When plaintiff asked what was wrong, defendant Aranov pushed the knuckles of his fist into the cheek of plaintiff's face. Plaintiff became very afraid that defendant Aranov was going to hurt her. Defendant Aranov struck plaintiff on the side of her face. He caused tremendous pain, a contusion on plaintiff's face, and a severe headache that lasted for more than eight hours.

18. Defendant Aranov never treated White employees of Russian or European descent with the same type of fear-inducing aggression.

19. Plaintiff sent an email to Svetlana Makhover, the manager of Medex, describing defendant Aranov's physical attack. Ms. Makhover ignored plaintiff's complaint and instructed plaintiff to return to work.

20. Faced with the lack of a response by defendant Medex to the physical assault, and the continuing fear for her safety if she returned to work, plaintiff was forced to stop working for defendants.

21. Plaintiff filed a timely charge of discrimination and harassment with the United States Equal Employment Opportunity Commission (EEOC) on June 16, 2014. The EEOC issued plaintiff a Notice of Right to Sue on February 27, 2015.

**FIRST CLAIM FOR RELIEF AGAINST
DEFENDANT MEDEX FOR
DISCRIMINATION IN VIOLATION OF TITLE VII**

22. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 21 above as if fully restated herein.

4

23. The conduct of defendant Medex constitutes unlawful discrimination and harassment based on race and national origin in violation of Title VII.

24. The stated reasons for the defendant's conduct were not the true reasons, but instead were pretext to hide the defendant's discriminatory animus.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 24 above as if fully restated herein.

26. Defendant Medex at all relevant times regulated the employment of plaintiff and all other persons employed by it, acted directly and indirectly in its own interest in relation to the employees, and was thus an employer of its employees within the meaning of Section 3(d) of the Fair Labor Standards Act (FLSA).

27. Defendant Aranov at all relevant times was in active control and management of defendant Medex, regulated the employment of plaintiff and all other persons employed by defendant Medex in relation to its employees, and thus was an employer of its employees within the meaning of Section 3(d) of the FLSA.

28. The business activities of the defendants, as described in this complaint, were related and performed through uniform operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the FLSA.

29. Defendants have employed employees at their places of business in activities of an enterprise engaged in commerce. Upon information and belief, the enterprise has had an annual gross volume of sales made or business done in an amount

not less than $500,000.00. Therefore plaintiff and the other employees were at all relevant times employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

30. Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215, by employing plaintiff in an enterprise engaged in commerce, for workweeks longer than those prescribed in Section 7 of the FLSA, without compensating plaintiff for all hours worked in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which she was employed.

31. Defendants are liable for unpaid overtime compensation together with an equal amount in liquidated damages or, in the event liquidated damages are not awarded, unpaid overtime compensation together with prejudgment interest on said overtime compensation.

**THIRD CLAIM FOR RELIEF AGAINST
ALL DEFENDANTS FOR DISCRIMINATION IN VIOLATION
OF THE NEW YORK STATE HUMAN RIGHTS LAW**

32. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 31 above as if fully restated herein.

33. The defendants' conduct constitutes discrimination and harassment based on race and national origin in violation of the New York State Human Rights Law.

34. Defendant Aranov actually participated in the discriminatory and harassing conduct.

35. The stated reasons for the defendants' conduct were not the true reasons, but instead were pretext to hide the defendants' discriminatory animus.

### FOURTH CLAIM FOR RELIEF AGAINST
### ALL DEFENDANTS FOR DISCRIMINATION IN VIOLATION
### OF THE NEW YORK CITY HUMAN RIGHTS LAW

36. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 35 above as if fully restated herein.

37. The defendants' conduct constitutes discrimination and harassment based on race and national origin in violation of the New York City Human Rights Law.

38. The stated reasons for the defendants' conduct were not the true reasons, but instead were pretext to hide the defendants' discriminatory animus.

### FIFTH CLAIM FOR RELIEF AGAINST
### ALL DEFENDANTS FOR FAILURE TO PAY OVERTIME
### IN VIOLATION OF THE NEW YORK STATE LABOR LAW

39. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 38 above as if fully restated herein.

40. Defendants' failure to pay plaintiff the proper overtime pay violates New York Labor Law §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2.

41. Defendants' failure to pay plaintiff the proper overtime pay was intentional.

### SIXTH CLAIM FOR RELIEF AGAINST
### DEFENDANT OLEG ARANOV FOR ASSAULT

42. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 above as if fully restated herein.

43. Defendant Aranov intentionally attempted and threatened to inflict injury on plaintiff.

44. At the time of his threat, defendant Aranov had the actual and apparent ability to cause harm to plaintiff.

7

45. Defendant Aranov's conduct created a reasonable apprehension of bodily harm or offensive contact in the plaintiff.

46. Plaintiff suffered injury as a direct and proximate result of defendant Aranov's conduct.

## SEVENTH CLAIM FOR RELIEF AGAINST
## DEFENDANT OLEG ARANOV FOR BATTERY

47. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 46 above as if fully restated herein.

48. Defendant Aranov intentionally touched and applied force to plaintiff's body.

49. The force was applied in a harmful or offensive manner without plaintiff's consent.

50. Plaintiff suffered injury as a direct and proximate result of defendant Aranov's conduct.

## EIGHTH CLAIM FOR RELIEF AGAINST
## ALL DEFENDANTS FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 50 above as if fully restated herein.

52. Defendant Aranov engaged in extreme and outrageous conduct towards plaintiff with the intent to cause, or with disregard of a substantial probability of causing, severe emotional distress.

53. Defendant Medex condoned, approved, and ratified defendant Aranov's wrongful conduct.

54. Plaintiff suffered severe emotional distress as a direct and proximate result of defendants' conduct.

### Jury Demand

55. Plaintiff is entitled to and demands a jury trial.

### Prayer for Relief

**WHEREFORE** plaintiff Kimmy Vivien Panganiban requests judgment against both defendants, jointly and severally, awarding her: compensatory and punitive damages in amounts to be determined at trial; reasonable attorneys' fees and the costs of this action as authorized by 42 U.S.C. § 1988, 29 U.S.C. § 216(b), and N.Y.C. Admin. Code § 8-502; and such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 6, 2015

JOHN HOWLEY, ESQ.

By: _____
John Howley [JH9764]
*Attorney for Plaintiff*
350 Fifth Avenue, 59th Floor
New York, New York 10118
(212) 601-2728