# AMENDED SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Amended Settlement Agreement and General Release (the "Agreement") is made and entered into by and between Kimmy Vivien Panganiban ("Plaintiff") and Medex Diagnostic and Treatment Center, LLC and Oleg Aranov (collectively "Defendants"). Plaintiff executes the Agreement on her behalf, and on behalf of her heirs, executors, administrators and assignees, personal and legal representatives. Defendant Medex executes this Agreement on its own behalf, and on behalf of its present and former directors, officers, employees, agents, attorneys and all subsidiaries, affiliates, joint ventures, partners, predecessors, shareholders, insurers, successors and assigns. Defendant Aranov executes the Agreement on his own behalf and on behalf of his heirs, executors, administrators and assignees, personal and legal representatives.

WHEREAS, Plaintiff, a former employee of Medex, initiated the litigation captioned *Panganiban v. Medex Diagnostic and Treatment Center, LLC, et al.*, 15 Civ. 2588 (E.D.N.Y.) (the "Litigation");

WHEREAS, Defendants deny the allegations and claims in the Litigation, and believe them to be without merit;

WHEREAS, to determine how best to serve the interests of the Plaintiff, her counsel has conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Litigation. After balancing the benefits of settlement with the costs, risks and delay of continued litigation, Plaintiff and her counsel believe the settlement as provided in this Agreement is in Plaintiff's best interest and represents a fair, reasonable and adequate resolution of the Litigation;

WHEREAS, Defendants expressly disclaim, and do not admit, any liability or wrongdoing of any kid associated with any aspect of the claims alleged in the Litigation.

Nonetheless, without admitting or conceding liability or damages, and to avoid the burden, expense, and uncertainty of continuing this Litigation, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1. **Consideration**

**1.1** Plaintiff agrees to provide counsel for the Defendants (attn.: Joseph M. Dougherty, Esq., Hinman Straub PC, 121 State Street, Albany, New York 12207) with two executed originals of this Agreement and an original IRS Form W-9 signed by the Plaintiff's counsel, John Howley, Esq. Within five (5) days of receipt of those documents, the Defendants shall file the Agreement with the Court for approval. After Court approval, within the time period specified below, counsel for the Defendants will forward to Plaintiff's counsel the total gross amount of thirty-thousand ($30,000.00) dollars and zero cents ("Settlement Amount") allocated as follows: (a) $ 3,182.54 in settlement of Plaintiff's claim for unpaid overtime less standard withholdings; (b) $750.00 in settlement of Plaintiff's claim for attorneys' fees and costs related to her claim for unpaid overtime; and (c) $ 24,476.19 in settlement of Plaintiff's claim for physical and emotional suffering caused by the alleged assault and battery.

    (a) Defendants shall pay the full Settlement Amount of $30,000.00 by two (2) checks as follows (1) one check payable to Kimmy Vivien Panganiban in the amount of $ 3,182.54 less applicable withholdings for which the Defendant shall issue a W-2; and (2) one check payable to "John Howley, Esq." in the amount of $ 24,476.19 as attorney for Plaintiff and shall deliver to Plaintiff's attorney an IRS Form 1099 relating to such

payment within five (5) days after Court approval of this Agreement.

**1.2** The Settlement Amount shall be paid without any withholding for taxes, penalties, interest, or any other reason. Plaintiff acknowledges that she is solely responsible for the payment of any taxes, interest, or penalties on the Settlement Amount. Plaintiff understands and agrees that Defendants are providing her with no tax or legal advice, and make no representation regarding tax obligations or consequences, if any, related to this Agreement. Plaintiff acknowledges that she is represented by counsel of her choice and has had the opportunity to consult with her counsel about the tax obligations or consequences, if any, related to this Agreement. Plaintiff and Defendants have endeavored in good faith to allocate appropriately the payments set forth herein. Notwithstanding the foregoing, if any claim is asserted against the Defendants or any of the Released Parties, by any taxing authority with respect to the payment provided for herein, Plaintiff shall indemnify and hold harmless Defendants and any of the Released Parties from any cost, loss, liability, expense, fine and penalty, and attorneys' fees arising from the Plaintiff's failure to pay tax on the amounts received under this Agreement.

**1.3** Together with the Plaintiff's delivery of the fully executed Agreements, the Plaintiff's attorney shall transmit to the Defendants' attorneys a signed stipulation of discontinuance of the Action with prejudice to be held in escrow pending payment of the total Settlement Amount. After the check provided to Plaintiff's attorney for the Settlement Amount clears, Defendants' attorneys may then file the stipulation of discontinuance with prejudice in the Action.

2. **Effective Date**

This Agreement and Release shall become effective and irrevocable automatically after both: (i) the date the District Court dismisses the Litigation with prejudice; and (ii) the eighth day after this Agreement and Release has been fully executed (if not revoked pursuant to the terms of

Paragraph 8) (the "Effective Date"). Plaintiff represents that no other charges, actions or claims are pending on her behalf against Defendants.

### 3. General Release by Plaintiff

**3.1** The term "Released Parties" as used in this Agreement and Release includes (a) Medex Diagnostic and Treatment Center, LLC and its respective past, present, and future owners, divisions, subsidiaries, partnerships, other affiliates, and other related entities (whether or not they are wholly owned); (b) the past, present, and future owners, trustees, fiduciaries, administrators, shareholders, directors, officers, partners, agents, representatives, members, associates, employees, and attorneys of each entity listed in subpart (a) above; (c) the predecessors, successors, and assigns of each entity listed in subparts (a) and (b) above; and (d) Aranov and his heirs, executors, administrators, and assignees.

**3.2** Plaintiff fully and forever releases, relieves, waives, relinquishes, and discharges the Released parties from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, disbursements expenses, attorney's fees, damages, causes of action, claims and demands, at law or in equity, direct or indirect known or unknown, discovered or undiscovered, which she had, now has or may have against the Released Parties arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world to the date on which she executes this Agreement and Release, including, but not limited to, (i) those arising directly or indirectly from his employment with Medex Diagnostic and Treatment Center, LLC; (ii) claims arising under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders including, but not limited to, claims under all New York State labor and employment laws, including, but not limited to, New York Executive Law § 296 *et al.* and the New York Labor Laws; all New York City labor and employment laws, including, but not

limited to, the New York City Administrative Code § 8-107 *et al.*; the Age Discrimination in Employment Act ("ADEA"); Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act of 1990; 42 U.S.C. § 1981; the Employee Retirement Security Act of 1974 ("ERISA"); the Fair Labor Standards Act ("FLSA"); the Family and Medical Leave Act;; and (iii) any other common law or statutory claim, whether for monies or wages owed, damages, negligent supervision and retention, constructive or wrongful discharge, breach of contract, promissory estoppel, whistleblower protection, intentional or negligent infliction of emotional distress, assault, battery, defamation, fraud, costs, attorneys' fees, expenses or otherwise, arising prior to or at the time of the signing of this Agreement and Release. Nothing in Paragraph 3.2 shall be construed as a release and waiver of any rights that Plaintiff may have to vested employee benefits under ERISA as of the Effective Date of this Agreement and Release. Excepted from the release of claims described in this Paragraph are any claims or rights which cannot be waived by law. Plaintiff agrees that as a result of the consideration provided in Paragraph 1 above, she has receive from Medex Diagnostic and Treatment Center, LLC all rights and benefits potentially due to her pursuant to the FLSA and NYLL for all hours worked for Defendants.

**3.3** Plaintiff further agrees that she waives any and all entitlement to relief, including, but not limited to, monetary damages or equitable relief, with respect to any claim or cause of action released pursuant to Paragraph 3.2 above.

**3.4** With respect to any matter released pursuant to Paragraph 3.2 above, Plaintiff covenants and agrees that she shall not at any time hereafter commence, maintain, or prosecute, shall not become a party to, or otherwise participate in, any class action or collective action and shall not assist in the instigation, commencement, maintenance, or prosecution of any lawsuit in any court

against Defendants which has or could have been raised in any such court proceeding as of the Effective Date of this Agreement and Release, other than a lawsuit to enforce this Agreement and release. Nothing in Paragraphs 5.1, 5.2, 5.3, 5.4 or any other Paragraph of this Agreement and Release, however, shall be deemed to prevent Plaintiff from filing a charge or complaint of discrimination with the U.S. Equal Employment Opportunity Commission or any other state or local agency, participating in any investigation by such agency, or providing truthful testimony in response to any subpoena or court order. As set forth in Paragraph 3.3, Plaintiff agrees and acknowledges that she is waiving any personal right to recover any money or equitable relief in connection with an investigation, charge or litigation filed by any other individual, entity, organization or government agency, including any right she may have to seek or recover attorneys' fees and costs.

4. **General Releases by Defendants**

**4.1** The term "Released Plaintiff" as used in this Agreement and Release includes Plaintiff and her heirs, executors, administrators, and assignees.

**4.2** Defendants fully and forever release, relieve, waive, relinquish, and discharge the Released Plaintiff from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, disbursements expenses, attorney's fees, damages, causes of action, claims and demands, at law or in equity, direct or indirect known or unknown, discovered or undiscovered, which any Defendant had, now has or may have against the Released Plaintiff arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world to the date on which each Defendant executes this Agreement and Release.

**4.3** Defendants further agree that each Defendant waives any and all entitlement to relief, including, but not limited to, monetary damages or equitable relief, with respect to any claim or

cause of action released pursuant to Paragraph 4.2 above.

**4.4**     With respect to any matter released pursuant to Paragraph 4.2 above, each Defendant covenants and agrees not at any time hereafter to commence, maintain, or prosecute, and not become a party to, or otherwise participate in, any action and not assist in the instigation, commencement, maintenance, or prosecution of any lawsuit in any court against Plaintiff which has or could have been raised in any such court proceeding as of the Effective Date of this Agreement and Release, other than a lawsuit to enforce this Agreement and release.

### 5.     No Future Employment

Plaintiff waives any claim to reinstatement or re-employment with the Released Parties and agrees not to bring any claim based upon the failure or refusal of the Released Parties to employ Plaintiff hereafter. Plaintiff agrees not to knowingly seek employment with the Released Parties. If Plaintiff seeks employment or becomes employed with the Released Parties (whether knowingly or unknowingly), this Release shall conclusively be deemed the sole and exclusive reason for denying Plaintiff's application for employment with the Released Parties and/or the basis for Plaintiff's discharge if hired. For any breach of this Paragraph, the Released Parties shall be entitled to recover any and all attorneys' fees and costs incurred as a result of such breach in addition to any other damages.

### 6.     Non-Disparagement

Plaintiff agrees for herself, either directly or indirectly, not to take, support, encourage, induce or voluntarily participate in any action or attempted action that disparages the business operations, policies, or conduct of Medex Diagnostic and Treatment Center, LLC, or the personal reputation of Aranov, to act in any way with respect to such business operations, policies or conduct that would damage Medex Diagnostic and Treatment Center, LLC's

reputation, business relationships, or present or future business, and to refrain from directing others to act in a manner which would violate this paragraph on her behalf. This Paragraph shall not be interpreted to prevent Plaintiff from making truthful statements concerning the Fair Labor Standards Act claims and defenses asserted in this action or from providing truthful information to, or testimony before, any regulatory, judicial or other governmental authorities as may be required by law, pursuant to any valid subpoena or court or administrative order, nor from filing a charge or complaint of discrimination with the U.S. Equal Employment Opportunity Commission or any other state or local agency, or participating in any investigation by such agency. If Plaintiff is subpoenaed or otherwise compelled to testify in connection with any such matter, she shall immediately notify Defendants so that Defendants may move to quash the subpoena and/or take any other action that Defendants deem appropriate. Should Plaintiff nevertheless be compelled to testify pursuant to the subpoena or other legal process, she shall cooperate with Defendants as required by law.

  Defendant Aranov agrees, either directly or indirectly, not to take, support, encourage, induce or voluntarily participate in any action or attempted action that disparages the Plaintiff or her personal reputation, to act in any way that would damage Plaintiff's reputation or present or future employment, and to refrain from directing others to act in a manner which would violate this paragraph on their behalf. This Paragraph shall not be interpreted to prevent Defendant Aranov from from making truthful statements concerning the Fair Labor Standards Act claims and defenses asserted in this action or from providing truthful information to, or testimony before, any regulatory, judicial or other governmental authorities as may be required by law, pursuant to any valid subpoena or court or administrative order. If a Defendant Aranov is subpoenaed or otherwise compelled to testify in connection with any such matter, such

Defendant Aranov shall immediately notify Plaintiff so that Plaintiff may move to quash the subpoena and/or take any other action that Plaintiff deems appropriate. Should any Defendant Aranov nevertheless be compelled to testify pursuant to the subpoena or other legal process, such Defendant Aranov shall cooperate with Plaintiff as required by law. Each Defendant Aranov agrees that, if asked about Plaintiff's employments with Medex Diagnostic and Treatment Center, LLC, Defendants will respond only with the following information: (i) Plaintiff's name; (ii) Plaintiff's dates of employment; (iii) Plaintiff's title; and (iv) income if authorized by Plaintiff.

### 7. Covenant Not to Sue

With respect to any matter released pursuant to Paragraph 3 above, Plaintiff covenants and agree that she shall not at any time hereafter commence, maintain, or prosecute, and shall not assist in the instigation, commencement, maintenance, or prosecution of any lawsuit in any court against Defendants which has or could have been raised in any such court proceeding as of the date of this Agreement and Release.

With respect to any matter released pursuant to Paragraph 4 above, each Defendant covenants and agrees not at any time hereafter to commence, maintain, or prosecute, or to assist in the instigation, commencement, maintenance, or prosecution of any lawsuit in any court against Plaintiff which has or could have been raised in any such court proceeding as of the date of this Agreement and Release.

### 8. Acknowledgments

Plaintiff acknowledges that she: (a) has carefully read this Agreement and Release in its entirety and that it is written in a manner calculated to be understood by Plaintiff; (b) understands that this Agreement and Release represents Plaintiff's knowing and voluntary waiver and release

of any and all claims that Plaintiff might have, including, but not limited to, any claims arising under the FLSA or ADEA; (c) has been, and is hereby, advised by Defendants in writing to consult with an attorney of her own choosing in connection with this Agreement and Release; (d) fully understands the significance of all of the terms and conditions of this Agreement and Release and has discussed them with John Howley, Esc. or an independent attorney of her own choosing; (e) has had answered to her satisfaction by her counsel any questions she has asked with regard to the meaning and significance of any of the terms or provisions of this Agreement and Release; (f) is signing this Agreement and Release voluntarily and of her own free will and agrees to all the terms and conditions contained herein; (g) has twenty-one (21) days to consider this Agreement and Release; (h) has seven (7) days following her execution of this Agreement and Release in which to revoke it by written notice of revocation that must be delivered to counsel for Defendants, Hinman Straub P.C., Attn: Joseph Dougherty, 121 State Street, Albany, New York 12207, no later than 5:00 pm on the seventh day after Plaintiff has signed this Agreement and Release. This Agreements and Release will not become effective and enforceable until the eight day after Plaintiff's signature (if not revoked pursuant to the terms of this Paragraph).

### 9. Authority

Oleg Aranov represents and warrants that he is authorized to execute this Agreement on behalf of Medex Diagnostic and Treatment Center, LLC. In the event that Medex Diagnostic and Treatment Center, LLC subsequently asserts that it is not bound by this Agreement or the general release contained herein, Oleg Aranov hereby agrees to indemnify and hold harmless Plaintiff from any such claim.

### 10. Neutral Reference

In the event that Defendants receive any inquiries concerning Plaintiff's employment by or with the Defendants, the Defendants agree to provide a neutral reference limited to the dates of Plaintiffs employment by or with the Defendants and, if specifically requested, the amount of her compensation.

### 11. Governing Law

This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to or application of its principles of conflicts of laws.

### 12. Amendments

This Agreement may be amended or modified only by an instrument in writing signed by all of the parties to the Agreement.

### 13. Entire Agreement

None of the parties to this Agreement has relied on any representation, warranty, promise, statement or agreement not expressly made and contained in this Agreement, and there are no such representations, warranties, promises, statements or agreements. This Agreement constitutes the full and entire understanding and agreement of the parties with respect to the subject matter hereof and supersedes any and all other or prior understandings or agreements relating to the subject matter hereof, whether verbal or written, including without limitation the Settlement Agreement executed by Plaintiff on January 30, 2016 and the Amendment to the Settlement Agreement executed by Defendants on February 26, 2016.

### 14. Counterparts

This Agreement may be executed in one or more counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same

instrument.  Faxed or scanned .pdf signatures shall have the same effect as if signed by hand.

   IN WITNESS WHEREOF, the parties hereto caused this Settlement Agreement to be executed on the dates set forth below.

_____  
  KIMMY VIVIEN PANGANIBAN      Date:_____

_____  
  OLEG ARANOV      Date:_____

_____  
MEDEX DIAGNOSTIC AND TREATMENT CENTER, LLC Date:_____  
  By: