FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 07 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**KIMMY VIVIEN PANGANIBAN,**                                 :
                                                             :
                      Plaintiff,  :  <u>**MEMORANDUM DECISION AND**</u>
                                                             :  <u>**ORDER**</u>
             - against -                        :
                                                             :  15 Civ. 2588 (AMD) (LB)
                                                             :
**MEDEX DIAGNOSTIC AND TREATMENT**                           :
**CENTER, LLC and OLEG ARANOV,**                             :
                                                             :
                      Defendants.  :
                                                             :
------------------------------------------------------------ X

**ANN DONNELLY,** District Judge.

      The plaintiff brought this action against her former employer Medex Diagnostic and Treatment Center, LLC and its managing partner, Oleg Aranov, for violations of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL), violations of Title VII and the New York City Human Rights Law, and for related claims for assault and battery. The parties notified the Court on February 9, 2016 that a settlement had been reached. Thereafter, I issued an order instructing the parties to consider whether the plaintiff could waive her claim for liquidated damages under the Fair Labor Standards Act,[1] and on March 1, 2016, I held a hearing on the fairness of the settlement. On March 3, 2016, the parties filed an amended settlement agreement, and for the reasons below, I approve the settlement agreement in its entirety.

      Approval of the district court or the Department of Labor is required for settlements dismissing FLSA claims with prejudice. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199,

---

[1] Pursuant to *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945), and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) *cert. denied*, 136 S. Ct. 824 (2016), the plaintiff could not waive her claim to FLSA liquidated damages.

1

206 (2d Cir. 2015) *cert. denied*, 136 S. Ct. 824 (2016). District courts must review FLSA settlements to determine if they are "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. 15-cv-1410-KAM-SMG, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016). In doing so, the court must evaluate the "totality of the circumstances" including the possible range of recovery, the extent to which the settlement allows the parties to avoid unanticipated costs in making their cases, the seriousness of the litigations risks the parties face, whether the agreement is the product of arm's-length negotiations between experienced lawyers, and the likelihood of collusion or fraud. *Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-cv-814-RA, 2015 WL 9077172, at *1 (S.D.N.Y. Dec. 15, 2015).

In this case, the plaintiff alleges that between April 15, 2012 and January 17, 2013, she regularly worked more than forty hours per week and was not compensated the required overtime rate, in violation of the FLSA and NYLL. The complaint asserts more than an isolated FLSA claim, however. In particular, the plaintiff alleges that the Managing Partner of Medex, defendant Oleg Aranov, "pushed the knuckles of his fist into [her] cheek" and then struck her face, causing pain, a contusion, and a long-lasting headache. The fairness of the settlement of this claim not subject to the *Cheeks* analysis. Nevertheless, the presence of that claim in her lawsuit and in her settlement affects the overall evaluation of the settlement's fairness.

Under the settlement agreement, the defendants are to pay a total of $30,000 to resolve the plaintiff's claims. This amount comprises: (a) $3,182.54 in settlement representing the full value of the unpaid overtime and FLSA liquidated damages; (b) $750.00 in settlement of the plaintiff's claim for attorney's fees and costs related to her claim for unpaid overtime; and (c) $24,476.19 in settlement of the plaintiff's claim for physical and emotional suffering caused by the alleged assault and battery.

The parties represent that the plaintiff was paid for all hours worked, but that the defendants' payroll records show that she was underpaid $1,591.27 for overtime. This is substantiated by the plaintiff's submission of her paystubs and an associated summary of the calculation of estimated overtime wages;[2] the agreement provides for full recovery of her FLSA compensatory[3] and liquidated damages.[4] Accordingly, I conclude that the agreement's provision that the plaintiff receive full compensation for her overtime claim and FLSA liquidated damages is fair and reasonable.

Because the settlement agreements provides for $750 in attorney's fees and costs[5] related to the plaintiff's claim for unpaid overtime, I consider the reasonableness of that award. *Flores*, 2016 WL 386042, at *1. Ordinarily, the plaintiff's counsel may submit declarations in support of the fee award, but that was not necessary here. In this case, the plaintiff's lawyer conducted some pre-filing investigation, prepared and filed a complaint, and appeared before Judge Bloom in an initial pretrial conference and a subsequent status conference. By any measure, $750 is a reasonable award for attorney's fees and costs associated with the unpaid overtime claim. Moreover, that amount is only 23% of the total FLSA settlement. *See Flores*, 2016 WL 386042,

---

[2] In evaluating the fairness of a FLSA settlement, courts in this Circuit have required submission of declarations, affidavits, or exhibits substantiating the parties' argument in support of the fairness of the settlement. *See, e.g., Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015) (Kaplan, J.). Provision of the plaintiff's paystubs, payroll summaries, and a spreadsheet demonstrating the calculation of the plaintiff's estimated overtime wages is sufficient for these purposes.

[3] The plaintiff would not be entitled to receive a separate award of back wages under NYLL because it would duplicate the award received under the FLSA. *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 91 (E.D.N.Y. 2012).

[4] The agreement does not provide for liquidated damages under New York Labor Law (NYLL), but *Brooklyn Sav. Bank*, 324 U.S. 697, does not preclude a plaintiff from waiving her claim to damages under state labor law, nor am I aware of any decision—whether in this Circuit or by a New York state court—holding that a plaintiff cannot waive her claim to liquidated damages under NYLL. To the contrary, New York Supreme, Albany County, held that a plaintiff in a putative class action may waive liquidated damages available under NYLL. *Picard v. Bigsbee Enterprises, Inc.*, 40 Misc. 3d 1240(A), 977 N.Y.S.2d 669 (Sup. Ct. 2013); *see also Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) ("courts in this district have certified Labor Law class actions on the condition that plaintiffs waive their right to liquidated damages.").

[5] A prevailing plaintiff in an action under the FLSA is entitled to recover costs, which include the expense of the $400 filing fee. *Santillan v. Henao*, 822 F. Supp. 2d 284, 300–01 (E.D.N.Y. 2011).

at *4 (finding reasonable attorney's fees awards constituting thirty-five percent of the settlement total). I thus approve the portion of the settlement agreement designating $750 for attorney's fees and costs related to the action for unpaid overtime.

Two other sections of the settlement agreement warrant discussion. First, the agreement includes reciprocal non-disparagement clauses. In enacting the FLSA, Congress intended to ensure "widespread compliance with the statute," and non-disparagement clauses "silenc[e] the employee who has vindicated a disputed FLSA right." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 179 (S.D.N.Y. 2015) (citation omitted). Thus, provisions that bar wage-and-hour plaintiffs from discussing their litigation experiences run counter to the purposes of the legislation. However, courts in this Circuit have held that "not all non-disparagement clauses are *per se* objectionable." *Martinez v. Gulluoglu LLC*, No. 15-cv-2727-PAE, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (quotation marks and citations omitted). A settlement agreement may incorporate a non-disparagement agree as long as it includes "a carve-out for truthful statements about plaintiffs' experience litigating their case." *Id.* In this case, the plaintiff agrees not to take any action that disparages Medex or Aranov, and the agreement also provides, in relevant part: "[t]his Paragraph shall not be interpreted to prevent Plaintiff from making truthful statements concerning the Fair Labor Standards Act claims and defenses asserted in this action." Because the agreement includes a "carve-out" for truthful statements about her experience litigating the FLSA portion of her action, I approve the agreement containing this provision as written.

Second, the settlement agreement includes a "General Release by Plaintiff" which waives "any and all" claims, "at law or in equity . . . direct or indirect, known or unknown, discovered or undiscovered, which she had, now has or may have" against Medex and Aranov. Ordinarily,

4

courts scrutinizing FLSA settlements reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181. This is because, in the context of a typical FLSA case, "[a]n employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled." *Id.* (citation omitted).

This is not the case here. There is not a significant risk that this plaintiff is waiving "unknown rights" because, in addition to the FLSA and assault claims, the complaint originally alleged violations of Title VII of the Civil Rights Act of 1964, New York State Human Rights Law, and New York City Human Rights Law; at the very least, the plaintiff is aware of her claims arising under these statutes. The number and value of the plaintiff's claims also suggests that her lawyer had every incentive to plumb the relationship between the defendants and the plaintiff for additional potentially wrongful conduct. Moreover, the settlement amount is not insignificant. The parties settled for $30,000—$24,476.19 of which represents damages separate from the plaintiff's wage-and-hour claim. Even if the plaintiff had omitted the FLSA claims from her complaint altogether, her settlement would have been robust (the original settlement agreement provided for a mere $1,591.27 of the $30,000 in settlement of her FLSA claims). Indeed, a settlement without the FLSA claims would not be subject to this Court's review, and thus she would have been free to sign such a general release. For these reasons, the inclusion of the general release does not make the settlement unfair.

## CONCLUSION

Based on a review of the settlement agreement, I conclude that the settlement is the product of arm's-length negotiations and is a fair and reasonable result given the nature and scope of the plaintiff's claims.

**SO ORDERED.**



s/Ann M. Donnelly
_____
The Honorable Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      March 7, 2016